Weygandt, C. J.
 

 The alleged errors here urged by
 
 *301
 
 the defendant relate to the charge and to the admission of evidence.
 

 A minute inspection' discloses the fact that the record fails to present the first question so far as it relates to the first trial. It is claimed by the defendant that during the second trial the court refused its special request number two to instruct the jury with reference to the principle of
 
 falsus in uno, falsus in omnibus,
 
 as had been done in the general charge during the first trial. The giving of this part of the charge was one of the two grounds upon which the Court of Appeals reversed that judgment. However, the defendant insists that that pronouncement of the Court of Appeals should not be considered as the law of the case although error was not then prosecuted to this court to obtain a reversal thereof. It was urged as a ground for certification of this case that this court should reexamine the rule announced in the case of
 
 Gohman
 
 v.
 
 City of St. Bernard,
 
 111 Ohio St., 726, 146 N. E., 291, 41 A. L. R., 1057, and it is now contended that this court should overrule the second paragraph of the syllabus of that case and should reverse the present judgment because at this second trial the court refused to repeat the instruction given at the original trial. But the defendant has overlooked the vital fact that the record presents no basis for such action. At the second trial the court was not requested to repeat the instruction given at the first. It is true that the defendant did make! a request at the second trial, but in both its form and substance this was unlike the instruction contained in the charge at the first trial. Unfortunately too, this request number two is not only an inaccurate statement of the principle but is so incomplete as to be misleading to a jury. This is readily apparent from a mere perusal of the language, which is as follows:
 

 “Ladies and gentlemen, if you find that any witness has wilfully testified falsely with regard to any ma
 
 *302
 
 terial facts in the case, you are at liberty and have the right to disregard entirely the testimony of any such witness, but you are not obliged to do so; but you will give to the testimony of such witness just such weight and credit as you feel it is entitled to receive. It is not the number of witnesses who testify upon any given fact that is conclusive as a matter of law upon the question of the weight of the evidence on that point, although you have a right in weighing the matter to take into consideration the number of witnesses who have testified; but it is the character of the evidence rather than the number of witnesses to which you should give credence.”
 

 To have so instructed the jury would have been prejudicial error, and the refusal of the trial court was therefore proper.
 

 The other claimed error relates to the admission of evidence and involves the plaintiff’s exhibit “B.” This was a larceny indictment that previously had been returned against Smith and to which he had entered a plea of guilty. During the direct examination of the plaintiff’s first witness at the second trial the court permitted the plaintiff to introduce the indictment over an objection and exception by the defendant. The record contains no expression as to the purpose of its introduction. However, in his brief and in his oral argument the plaintiff contends that the indictment was properly admitted as corroboration of the testimony of Smith who was the plaintiff’s chief witness. The indictment contained an enumeration of seven lambs stolen December 18, 1928, and Smith’s testimony coincided with this recital. The Court of Appeals quite properly held the ruling of the trial court erroneous, but also held it unprejudicial inasmuch as the defendant had failed to except or even object to the introduction of certain subsequent detailed testimony relating to the indictment and the action taken thereunder. With this view this court
 
 *303
 
 cannot do else than to agree. Manifestly the defendant should have objected and excepted to the introduction of the testimony in question, because it would have been a futile and inconsistent procedure to exclude the indictment but admit the detailed testimony relating to its content and also to the action.of the court.
 

 Under the foregoing circumstances this court is compelled to affirm the judgments of the courts below.
 

 Judgment affirmed.
 

 Stephenson, Jones, Matthias, Day and Zimmerman, JJ., concur.
 

 Williams, J., not participating.